```
                                              ┌─────────────────────────────┐
                                              │ USDC SDNY                   │
                                              │ DOCUMENT                    │
                                              │ ELECTRONICALLY FILED        │
                                              │ DOC #: _____            │
                                              │ DATE FILED: 23 JUN 2011     │
                                              └─────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

R.S., AN INFANT UNDER THE AGE OF EIGHTEEN
YEARS, BY HIS FATHER AND NATURAL                       **STIPULATION AND**
GUARDIAN ROBIN J. SAMPSON,                             **PROTECTIVE ORDER**

                                   Plaintiff,   11 Civ. 0328 (PAC)

-AGAINST-

THE CITY OF NEW YORK, JOHN AND JANE DOES 1
THROUGH 4,

                                   Defendants.

-------------------------------------------------------------------- x

        **WHEREAS**, defendants intend to produce certain documents pursuant to Rule 26 of the Federal Rules of Civil Procedure that they deem to be confidential or otherwise inappropriate for public disclosure; and

        **WHEREAS**, defendants will only produce these documents if appropriate protection for their confidentiality is assured; and

        **WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the attorney for plaintiff and defendants, as follows:

        1. As used herein, "Confidential Materials" shall mean New York City Police Department ("NYPD") or Department of Correction personnel and disciplinary related records, and records of investigations regarding the conduct of Members of the Service of the NYPD and/or DOC conducted by the NYPD and/or the DOC, the Civilian Complaint Review Board, or

other agency, and other documents that may, during the pendency of this litigation, be designated "Confidential Material" by defendants or the Court, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by plaintiff from sources other than defendants, or (b) are otherwise publicly available.

2. Plaintiff's attorney shall not use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiff's case in this action.

3. Plaintiff's attorney shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

   a. Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in this action.

   b. Disclosure before trial may be made only to plaintiff, to an expert who has been retained or specially employed by plaintiff's attorney in this action in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

   c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as <u>Exhibit A</u>, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed

consent shall be retained by plaintiff's attorney and a copy shall be furnished to defendant's attorneys upon their request.

4. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

5. The parties agree that, if any papers that incorporate Confidential Materials or reveal the contents thereof, are to be filed with the Court, the parties shall make a joint application to the Court for permission to file those papers under seal. Upon receipt of permission, the parties shall follow the District Court protocol for filing under seal.

6. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to defendant's attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendant's attorneys.

7. This stipulation shall be binding upon the parties immediately upon signature, and shall be submitted to the Court for entry as an Order.

8.  Nothing in this Stipulation and Protective Order shall be construed to limit defendant's use of the Confidential Materials in any manner.

Dated:   New York, New York
         June 21, 2011

Darius Wadia
*Attorney for Plaintiffs*
Darius Wadia, L.L.C.
233 Broadway, Suite 2208
New York, New York 10279
(212) 233-1212

By: _____
    Darius Wadia

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for Defendant City of New York*
100 Church Street, Rm 3-310
New York, New York 10007
(212) 788-1103

By: _____
    Suzanna Publicker
    Assistant Corporation Counsel

SO ORDERED:    23 JUN 2011

_____
HONORABLE PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

The undersigned hereby acknowledges that he has read the Stipulation and Protective Order entered in the United States District Court for the Southern of New York on  __June 21__, 2011 in the action entitled <u>R.S., by his F/N/G Robin J. Sampson v. City of New York, et al.</u>, 11 CV 0328 (PAC), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____  
Date

_____  
Signature

_____  
Print Name

_____  
Occupation