

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHAMBERS OF
HONORABLE PAULA. CROTTY
U.S.D.J.

---

Raszel Sampson, an infant under the age of eighteen years, by his father and natural guardian Robin J. Sampson,

              Plaintiff,

            -against-

The City of New York, John and Jane Does 1 through 4,

            Defendants.

---

INFANT'S COMPROMISE ORDER

ECF CASE

11 Civ 0328 (PAC)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:   3-5-12

---

Upon consideration of the issues and claims in the litigation, the proffers of evidence, and the discussions related to settlement and resolution of this case, and it appearing that the best interests of infant plaintiff Raszel Sampson would be served by approval of the proposed compromise and settlement as set forth in an accompanying Stipulation and Order of Settlement and Discontinuance, it is hereby

ORDERED, that the father and natural guardian, Robin J. Sampson, is authorized and permitted, in the interest of his minor child, to settle and compromise Raszel Sampson's claim as described and set forth in this litigation, and pursuant to the terms and conditions otherwise set forth in the Stipulation, and it is further

ORDERED, that infant plaintiff Raszel Sampson shall be paid $7,001 of the settlement amount, to be held in trust by Robin J. Sampson, his father and natural guardian, in a bank account yielding the highest rate of interest available, at the TD Bank, N.A. located at 300 West 125th Street. New York, New York 10027, and shall not be withdrawn except to pay for medical emergencies or education, upon further order of this Court, or to pay income taxes on the interest generated by

infant's account, as follows:  upon presentation to an officer of the above-designated bank of the account passbook and a completed tax return, the bank is hereby authorized to issue checks payable to the Internal Revenue Service (for federal tax liabilities) and to the appropriate tax authorities (for state and local tax liabilities).  When infant plaintiff Raszel Sampson reaches the age of 18 years and provides proof of having attained that age, said bank shall pay over to the infant (or his legal representative) upon the infant's demand therefor and without further Court order, all monies held pursuant to this Order pertaining to infant plaintiff Raszel Sampson, and it is further

ORDERED, that Robin J. Sampson is authorized and empowered to execute and deliver a release on behalf of his infant child Raszel Sampson, and to execute and/or deliver any other instrument necessary to effectuate the settlement herein, and it is further

ORDERED, that this Court retains jurisdiction of this action for enforcing this infant compromise order and for enforcing the terms of the underlying settlement, for entering this Infant's Compromise Order directing the disposition of funds, and for hearing and determining applications for the release of funds hereunder.

Dated: New York, New York
       _March 5_ , 2012


_____
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



CHAMBERS OF
HONORABLE PAUL A. CROTTY
U.S.D.J.

---

Raszel Sampson, an infant under the age of
eighteen years, by his father and natural guardian
Robin J. Sampson,

          Plaintiff,

        -against-

The City of New York, John and Jane Does 1
through 4,

         Defendants.

AFFIDAVIT IN SUPPORT
OF INFANT'S
COMPROMISE ORDER

ECF CASE

11 Civ 0328 (PAC)

---

County of New York    )
                 )ss.
State of New York     )

Robin J. Sampson, being duly sworn, deposes and says that:

1.    I am the father and natural guardian of the infant RASZEL SAMPSON ("Raszel").

2.    I am familiar with the facts of the present litigation.

3.    Raszel was born on July 13, 1994 and was fifteen years old at the time of the incident

giving rise to this litigation. He is now seventeen years old.

4.    Raszel lives with me, at 229 West 110th Street, Apartment 3C, New York, New York.

5.    At approximately 4:00 PM on April 8, 2010, Raszel was stopped, searched and

roughly handcuffed by a number of police officers and taken to the 28th Precinct, where he was

detained on suspicion of a crime that he did not commit, as a result of which he suffered, inter alia,

physical pain, emotional distress, embarrassment, humiliation, anxiety, depravation of his liberty and

a violation of his constitutional rights.

6.      After the incident, I retained the serviced of Darius Wadia, LLC to prosecute this action.

7.      I approve of the distribution of the settlement wherein Raszel will receive $7,001 and Darius Wadia, LLC will receive attorney's fees and costs.

8.      I have decided and agreed that it is in Raszel's best interest to accept the this settlement from the defendant City of New York. I want to have my son Raszel put this incident behind him and I believe the settlement to him is in an amount adequate to redress his injuries.

9.      Raszel's recovery will be invested in an interest bearing account at the TD Bank, NA located at 300 West 125th Street, New York, NY 10027 until he reaches the age of eighteen.

10.     I do not know of any outstanding liens herein.

11.     By reason of all the above, I ask that this Court allow me to accept the offers of settlement made herein and permit me to settle and compromise the infant's claim for relief as has been set forth above.

12.     No previous application for the same or similar relief has been made to any Court or Judge, and there is no other action pending relative to the same incident.


WHEREFORE, it is respectfully requested that the annexed Order be granted.


Robin J. Sampson

Sworn to before me this 19th
day of January, 2012

Notary Public

JULIA ELIZABETH BURKE
NOTARY
PUBLIC
REG # 02BU6244065
MY COMMISSION
EXPIRES
06/27/2015
STATE OF NEW YORK

-2-



RECEIVED

MAR 02 2012

CHAMBERS OF
HONORABLE PAUL A. CROTTY
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Raszel Sampson, an infant under the age of eighteen years, by his father and natural guardian Robin J. Sampson,

                Plaintiff,

-against-

The City of New York, John and Jane Does 1 through 4,

                Defendants

DECLARATION OF ATTORNEY
IN SUPPORT OF INFANT'S
COMPROMISE ORDER

ECF CASE

11 Civ 0328 (PAC)

---

I, Darius Wadia, being duly admitted to practice law in the State of New York and in the United States District Court for the Southern District of New York, do hereby declare that the following statements are true, except those made on information and belief, the basis for which are conversations with Raszel Sampson and his father, Robin J. Sampson:

1.  I am the attorney for the infant RASZEL SAMPSON ("Raszel"), and as such am fully familiar with the facts and circumstances set forth herein.

2.  Raszel was born on July 13, 1994 and was fifteen years old at the time of the incident giving rise to this litigation.

3.  Raszel lives with his father, Robin Sampson at 229 West 110th Street, Apartment 3C, New York, New York.

4.  At approximately 4:00 PM on April 8, 2010, Moses was stopped, searched and roughly handcuffed by a number of police officers and taken to the 28th Precinct, where he was interrogated detained until late into the night on suspicion of a crime that he did not commit, as a result of which he suffered, *inter alia*, physical pain, emotional distress, embarrassment,

humiliation, anxiety, depravation of his liberty and a violation of his constitutional rights.

5.    After the incident, I was retained by Robin Sampson, the father and natural guardian of Raszel Sampson, in connection with the claims arising out that incident.

6.    After settlement negotiations with Assistant Corporation Counsel Suzanna Publicker, counsel to the defendants, offered the plaintiff $7,001, plus reasonable attorney's fees, expenses and costs, pursuant to Rule 68 of the Federal Rules of Civil Procedure.

7.    That Offer of Judgment was accepted by the plaintiff on September 26, 2011.

8.    After lengthy negotiations, the parties agreed on the total sum of $6,250 as reasonable attorney's fees, expenses and costs to the date of the Offer of Judgment.

9.    My total expenses, which are included in that amount, were $430.

10.   I believe that the offer of judgment is reasonable under the circumstances and that this action should be settled and compromised. While we believe the plaintiff has a meritorious cause of action, we recognize the risks of litigation, as well as the increased emotional distress participation in the continued litigation is likely to cause Raszel and his family.

11.   By his affidavit, Robin J. Sampson has given his consent to the settlement of this case for his minor child.

12.   Raszel's recovery will be invested in an interest bearing account at the TD Bank, N.A. located at 300 West 125th Street, New York, New York 10027, until he reaches the age of eighteen.

13.   I am not aware of any outstanding liens herein, and my client has sworn that there are none.

14.   No previous application for the same or similar relief has been made to any Court or Judge, and there is no other action pending relative to the same incident.

WHEREFORE, it is respectfully requested that the annexed Order be granted.

Darius Wadia

Sworn to before me this 16th
day of February, 2012

Notary Public

-3-

# DARIUS WADIA
## ATTORNEY AT LAW

DARIUS WADIA, L.L.C.
THE WOOLWORTH BUILDING
233 BROADWAY, SUITE 2208
NEW YORK, NEW YORK 10279

TELEPHONE: (212) 233-1212
FACSIMILE: (212) 571-9149
dwadia@wadialaw.com

February 28, 2012

The Honorable Paul A. Crotty
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> *Re:*   *Raszel Sampson et al. v. The City of New York, et al.*
> Case number 11 Civ 0328 (PAC)
> Motion for Infant's Compromise Order

Your Honor:

I am the attorney for the plaintiff, an infant, in the above captioned matter. The parties in this case have agreed to the settlement and resolution of this case.

On consent of Assistant Corporation Counsel Suzanna Publicker, counsel for the defendants, I respectfully move, subject to further direction by the Court if a hearing is deemed necessary, for entry of an Order allowing settlement of the within litigation pursuant to the terms and conditions set forth in the Stipulation and Order of Settlement and Dismissal.

I am enclosing herewith the proposed Infant's Compromise Order, an Affidavit of the infant plaintiff's father and natural guardian in support of the Order, my Declaration in support of the Order, and the Stipulation and Order of Settlement and Dismissal executed by Ms. Publicker and me.

Thank you for you consideration of this matter.

Respectfully submitted,

Darius Wadia (DW 8679)

Enclosures

Copy (via email):   Assistant Corporation Counsel Suzanna  Publicker

